## Derby Cycle Co. v. Burton F. White.

1. Instructions—*Assuming Facts, etc.*—In an action for a wrongful discharge, where the defendant pleads the general issue, it is error to instruct the jury that the burden of proof is upon the defendant to show that he was justified in discharging the plaintiff during the term of his employment, as assuming that the defendant did discharge the plaintiff.

2. Waiver—*In Pleading—General Issue and Plea of Justification.*— Where a defendant pleads the general issue and a plea of justification, the general issue is not thereby waived, nor can the plea of justification be used as evidence of what is denied by the general issue.

Assumpsit, breach of contract, etc. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the March term, 1896. Reversed and remanded. Opinion filed May 14, 1896.

CHARLES SHACKLEFORD, attorney for appellant.

The pleas of non-assumpsit and *non est factum,* supported by affidavit, required the plaintiff to make formal proof of the execution of the contract in suit. Hinton v. Husbands, 3 Scam. 118; Shufeldt v. Seymour, 21 Ill. 526.

Any assumption or intimation from the court as to a material controverted fact is always prejudicial error. Starr & Crescent Milling Co. v. Thomas, 27 Ill. App. 141; Chicago & N. W. Ry. Co. v. Moranda, 103 Ill. 582.

F. W. BECKER and DALE & FRANCIS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for a wrongful discharge from its service. One of the questions of the case, upon which the evidence conflicted, was whether the appellant discharged the appellee, or he quit of his own volition. The appellant put in several useless pleas, one of which justified the discharge. But the general issue, which was the first plea, was not thereby waived, nor could the appellee use the plea of justification as evidence of what the general issue denied. 1 Ch. Pl. 563, Ed. 1844. And it denied the whole case of the appellee. Ibid. 478. Yet the court instructed that " the burden of proof is upon the defendant to show that it was justified in discharging plaintiff during the term of employment, provided the jury believe from the evidence, and under these instructions, that the plaintiff's contract was for a definite time, which had not expired at the time of his discharge."

This assumption that the appellant did discharge the appellee was error.

The proposition of the appellee that, to question an adverse erroneous instruction the record must show that it contains all the instructions given, is not supported by authority, nor do instructions given at the request of the appellant, stating that it had the right to discharge the appellee under certain circumstances, excuse the assumption of the disputed fact that it did discharge him.

The judgment is reversed and the cause remanded.